UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GULF COAST CHEMICAL, L.L.C. | * | DOCKET NO.: 15-6315 |
| VERSUS | * | JUDGE: |
| MONFORTE EXPLORATION, L.L.C. AND TEXICAN CRUDE & HYDROCARBONS, LLC | * * | MAG. JUDGE: |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Gulf Coast Chemical, L.L.C. ("GCC"), a Louisiana limited liability company, authorized to do and doing business in the state of Louisiana, who with respect shows as follows:

**PARTIES**

1.

Made defendants herein are:

a. MONFORTE EXPLORATION, L.L.C., a Texas limited liability company not registered and not authorized to conduct business in the State of Louisiana, but which has in-fact conducted business in the State of Louisiana ("Montforte"); and

b. TEXICAN CRUDE & HYDROCARBONS, LLC, a foreign limited liability company registered to conduct business and conducting business in the State of Louisiana ("Texican").

**JURISDICTION AND VENUE**

2.

Jurisdiction and venue are appropriate pursuant to 43 U.S.C. §1349(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  The Outer Continental Shelf Lands Act, 43

U.S.C. § 1331, *et seq*. ("OCSLA"), establishes original federal jurisdiction in the district courts over cases and controversies "**arising out of, or in connection with**" operations that involve "**exploration, development, or production of the minerals**" of the Outer Continental Shelf ("OCS").  43 U.S.C. § 1349(b)(1) (Emphasis added).

3.

As set forth in greater detail below, this suit directly affects the working interests of leases on the OCS (Ship Shoal Block 277 and Ship Shoal Block 291) granted by the United States Government and arises directly out of "exploration, development, or production of the minerals" on the OCS.

4.

Furthermore, Ship Shoal Block 277 and Ship Shoal Block 291 are located on the OCS closest to Terrebonne and Lafourche Parish, Louisiana.  As the Eastern District of Louisiana is the federal judicial district nearest the location of the federal leases and OCS location(s) affected by this cause of action, this Court is the proper venue for this action.  43 U.S.C. § 1349(b)(1)(B).

## FACTS

5.

Monforte is the operator and is believed to own all or a majority of two (2) mineral leases and several wells and related assets located on the OCS at or about Ship Shoal Block 277 and Ship Shoal Block 291 and any and all related or associated property described in La. R.S. 9:4863 (collectively, the "OCS Assets"), which assets are more particularly described as follows:

**OCS BLOCK**: Ship Shoal 277
**LEASE**: G09627
**OPERATOR**: Monforte Exploration, LLC
**FIELD**: (SS277)

|  |  |
|---|---|
| **WELLS**: | A001 (API No. 177124036900);<br>A002 (API No. 177124036800);<br>A003 (API No. 177124037200);<br>A004 (API No. 177124037100);<br>A008 (API No. 177124057300);<br>A008 (API No. 177124057301); and<br>005 (API No. 177124037700). |
| **OCS BLOCK**: | Ship Shoal 291 |
| **LEASE**: | G02923 |
| **OPERATOR**: | Monforte Exploration, LLC |
| **FIELD**: | (SS291) |
| **WELLS**: | A001 (API No. 177124009700);<br>A002 (API No. 177124014300);<br>A003 (API No. 177124014500);<br>002 (API No. 177124011300);<br>A009 (API No. 177124016300);<br>A010 (API No. 177124016500);<br>A010 (API No. 177124016501);<br>A010 (API No. 177124016570);<br>A011 (API No. 177124016800);<br>A012 (API No. 177124017000);<br>A016 (API No. 177124017700);<br>A019 (API No. 177124018300);<br>A019 (API No. 177124018370);<br>A022 (API No. 177124019100);<br>A022 (API No. 177124019101);<br>A023 (API No. 177124019971);<br>A024 (API No. 177124020300); and<br>004 (API No. 177124046700). |

6.

Beginning on or about January 21, 2014, GCC provided labor, materials, and/or supplies, including, without limitation, the tanks and specialty chemicals used in the production and transportation of hydrocarbons by Monforte in connection with the exploration, development, or production of the minerals at or about the OCS Assets (hereinafter the "Goods").

7.

Such Goods were provided to Monforte at its request for and in connection with the operations (as that term is defined in La. R.S. 9:4861) of several oil and/or gas

wells, facilities, and/or leases by Monforte located at or about Ship Shoal Blocks: 277 and 291.

8.

Monforte has failed to timely pay for certain of the Goods and is indebted to GCC in the true and correct sum of FIFTY-ONE THOUSAND FOUR HUNDRED AND FIVE and 00/100 DOLLARS ($51,405.00) as of June 15, 2015, plus filing fees, interest, attorney's fees and court costs incurred (and to be incurred) by GCC.

9.

On August 19, 2015 and September 2, 2015 (respectively), GCC timely and properly filed, recorded and perfected Statements of Privilege, Oil Well Lien Affidavit, Notice of Continuation of Lien and Privilege and UCC-1 Financing Statements (the "<u>Liens</u>") in Terrebonne and Lafourche Parish, Louisiana, in accordance with the Louisiana Oil Well Lien Act, La. R.S. 9:4861, *et seq.* (the "<u>Act</u>"), to-wit:

| Ex. | Nature of Security Interests | Approximate Location of the Collateral | Basis of Authority | Claim Amount[1] | Filing Location | Filing Number |
|---|---|---|---|---|---|---|
| A | Oil & Gas Well Lien | SS Block 277 SS Block 291 | La. R.S. 9:4861, *et seq*. | $51,405.00 | Lafourche Parish | File # 1204719 |
| B | Oil & Gas Well Lien | SS Block 277 SS Block 291 | La. R.S. 9:4861, *et seq*. | $51,405.00 | Terrebonne Parish | File # 1487842 |
| C | UCC Security Interest (fixture) | SS Block 277 SS Block 291 | La. R.S. 9:4865(A)(2) | $51,405.00 | Lafourche Parish | File # 1204689 |
| D | UCC Security Intst. (as extracted) | SS Block 277 SS Block 291 | La. R.S. 9:4865(A)(2) | $51,405.00 | Lafourche Parish | File # 1204688 |
| E | UCC Security Interest (fixture) | SS Block 277 SS Block 291 | La. R.S. 9:4865(A)(2) | $51,405.00 | Terrebonne Parish | File # 1487841 |
| F | UCC Security Intst. (as extracted) | SS Block 277 SS Block 291 | La. R.S. 9:4865(A)(2) | $51,405.00 | Terrebonne Parish | File # 1487840 |

10.

Attached hereto and incorporated herein for all purposes as **Exhibit A** and **Exhibit B** are copies of the Liens, with copies of the invoices and/or statements more

---

[1] These amounts continue to accrue tank rental fees, filing fees, interest, attorney's fees and court costs as of June 15, 2015.

fully showing and describing the Goods all filed of record in Lafourche and Terrebonne Parishes in accordance with La. R.S. 9:4861, *et. seq*.

11.

UCC-1 Financing Statements and UCC Security Interests were perfected all as contemplated by La. R.S. 9:4856(A)(2).  See **Exhibits C**, **D**, **E** and **F**.

12.

Notice of the foregoing liens, privileges and/or security interests was provided to Monforte by letters dated July 17, 2015 and September 15, 2015.  See **Exhibits G** and **H**.

13.

As a consequence of said filings and notices, GCC is a holder of a valid and perfected privilege and/or lien on the OCS Assets and the mineral production resulting therefrom.  As such, GCC is entitled to a judgment against Montforte recognizing GCC's valid and perfected Liens and otherwise recognizing and enforcing GCC's privileges and secured rights against the OCS Assets and their proceeds, including the seizure and sale of such assets and hydrocarbons to satisfy the obligations owed.

14.

Additionally, GCC will be filing a notice of *lis pendens* in Lafourche and Terrebone Parishes to put third parties on further notice of the continuation of its Liens, all in accordance with the Act, particularly La. R.S. 9:4865(C).

15.

On information and belief, Texican purchases hydrocarbons (gas and oil) produced from the OCS Assets.  Thus, in accordance with the Louisiana Oil Well Lien Act, GCC gave Texican notice of its Liens and security interests in the OCS Assets by

letter on October 6, 2015 and by an additional letter on November 4, 2015, copies of which are attached hereto and incorporated herein for all purposes as **Exhibits I** and **J**, respectively.

## SUIT ON OPEN ACCOUNT

16.

Monforte invoiced GCC for the Goods it provided. To date, there remains an unpaid balance due on the Goods, after crediting all payments made, for the following: FIFTY-ONE THOUSAND FOUR HUNDRED AND FIVE and 00/100 DOLLARS ($51,405.00) as of June 15, 2015, together with rental fees accruing thereafter at a rate of $3.30/day per tank, legal interest on all such amounts from the date of judicial demand until paid, all court costs incurred in these proceedings, and attorney fees pursuant to La. R.S. 9:2781.

17.

To date and despite several notices of delinquent accounts, no payment has been received from Monforte on these unpaid amounts, and, therefore, it has been necessary for GCC to hire counsel to recover the amounts owed.

18.

The indebtedness owed to GCC by Monforte is an "open account" pursuant to La. R.S. 9:2781(D). Accordingly, pursuant to La. R.S. 9:2781(A) and (C), GCC is entitled to reasonable attorney's fees for the prosecution and collection of this claim because the full balance of the amount owed by Monforte was not paid within thirty (30) days after GCC sent written demand to Monforte.

**THE OIL WELL LIEN ACT**
**(La. R.S. §9:4861, *et seq*.)**

19.

Pursuant to the provisions of Subparts A and B of the Louisiana Oil Well Lien Act, GCC became the holder of a valid lien and privilege on the OCS Assets including, but not limited to: the operating interest in the above described leases and wells, together with the interest of the lessee in any well, building, tank, leasehold pipeline and other construction or facility on the well site, movable on the well site that is used in operations, tract of land, servitude, and lease covering the well site of the operating interest; the hydrocarbons produced from the well site; the proceeds received by, and the obligations owed to, the operator or non-operator from the disposition of the hydrocarbons subject to the privilege; drilling or other rigs located at the well site of the operating interest if the rig is owned by the operator or by a contractor from whom the activities giving rise to the privilege emanate; the interest of the operator and participating lessee in hydrocarbons produced from the operating interest and the interest of a non-participating lessee in hydrocarbons produced from that part of its operating interest subject to the privilege; and the proceeds received by, and the obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege, all as described in the Louisiana Oil Well Lien Act.

20.

GCC is entitled to recognition and enforcement of its valid liens and privileges on the OCS Assets described above.

21.

Texican is liable for the value of all hydrocarbons (or the proceeds of any hydrocarbons) produced from the OCS Assets and in the care, custody or control of

Texican on or after notice of the Liens was provided to Texican. La. R.S. 9:4869.

22.

GCC is entitled to judgment against Monforte and Texican, *in solido*, recognizing GCC's Lien and privilege and the amounts owed to GCC as set forth above. To that end, GCC seeks a judgment recognizing its Liens as being valid and enforceable liens and privileges against the wells, facilities and/or related leases and assets described above and in the attachments hereto all as provided by the Louisiana Oil Well Lien Act, La. R.S. 9:4865(A)(2), 46 U.S.C. §31341, *et seq.* and other applicable laws and that the liens secure full payment of the amounts due to GCC by Monforte and Texican.

## CONVERSION OF BULK CHEMICAL TANKS

23.

The wrongful exercise of authority over another's goods, depriving the owner of the possession, permanently or for an indefinite time, is a conversion. Conversion occurs (a) when possession is acquired in an unauthorized manner, (b) the possessor withholds possession of the property from the owner, (c) the possessor exercises dominion or control over the goods which is in fact inconsistent with the owner's rights and/or (d) the possessor refuses to surrender the goods to the rightful owner even though the possessor may have rightfully come into possession initially.

24.

The denial of possession, equivocation, an unfulfilled promise to return, or the continued silence and inaction for several days all serve as grounds for an action for conversion.

25.

In connection with the delivery of certain chemicals to Montforte, Monforte rented and took possession of several bulk chemical tanks from GCC, and, upon information and belief, had those tanks transported to the OCS Assets where they remain. Montforte last paid rent on those tanks on or about March 3, 2015, but has failed or refused to return the tanks for several months now.  As a result, GCC has been (and continues to be) unlawfully deprived of the use and enjoyment of the tanks.

26.

Despite amicable demand, Montforte has failed or refused to return four (4) tanks to GCC.  Each tank has a replacement value of approximately ONE THOUSAND SIX HUNDRED AND THIRTY and 00/100 DOLLARS ($1,630.00), totaling SIX THOUSAND FIVE HUNDRED AND TWENTY and 00/100 DOLLARS ($6,520.00).  GCC is entitled to full payment for said tanks.

## RESERVATION

27.

GCC reserves the right to amend this Complaint to assert any and all claims, including those which may be supported by the evidence developed during discovery.

**WHEREFORE**, Gulf Coast Chemical L.L.C. prays for judgment in its favor against Monforte and Texican, *in solido*, relating back to the first date GCC provided Goods for the OCS Assets, as follows:

(a) Recognizing GCC's privileges to be valid and enforceable and otherwise recognizing and enforcing GCC's privileges against the wells, facilities, vessel, leases and related assets described above and in Exhibits A - F all as provided by the Louisiana Oil Well Lien Act, OCSLA and other applicable laws, to secure full payment of the amounts owed GCC by Monforte and Texican;

(b) Against Monforte holding it liable and ordering it pay to GCC in the principal amount of ($51,405.00), together with rental fees accruing after June 15, 2015, legal interest thereon from the date of judicial demand until paid, and the attorney's fees and costs incurred by GCC in filing its Liens;

(c) Against Texican, holding it liable *in solido* with Montforte, and ordering it pay to GCC in the principal amount of ($51,405.00), together with rental fees accruing after June 15, 2015, legal interest thereon from the date of judicial demand until paid, and the attorney's fees and costs incurred by GCC in filing its Liens;

(d) Ordering that Texican pay to GCC or deposit into the registry of the court all proceeds from production from the OCS Assets in its possession after it received notice of the Liens;

(e) Ordering Montforte to pay GCC the full sum of $6,520.00 for the conversion of the bulk chemical tanks;

(f) Ordering Defendants to pay all costs of these proceedings;

(g) Ordering Defendants to pay legal interest and attorneys' fees; and

(H) Granting GCC all other legal and equitable relief to which it may be entitled, including the right to seize and sell the OCS Assets at marshall's sale to satisfy said amounts owed.

Respectfully submitted,

Ottinger Hebert, L.L.C.

/s/ William H. L. Kaufman
_____
Paul J. Hebert, La. Bar Roll No. 6738
William H. L. Kaufman, La. Bar Roll No. 29929
P. O. Drawer 52606
1313 West Pinhook Road (70503)
Lafayette, Louisiana  70505-2606
Telephone:    (337) 232-2606
Facsimile:    (337) 232-9867

*Attorneys for Gulf Coast Chemical, L.L.C.*